KILPATRICK TOWNSEND & STOCKTON LLP
GREGORY S. GILCHRIST (State Bar No. 111536)
RYAN BRICKER (State Bar No. 269100)
ALEXANDRA MARTINEZ (State Bar No. 317382)
Nineteenth Floor, Two Embarcadero Center
San Francisco, California  94111
Telephone:   (415) 576-0200
Facsimile:   (415) 576-0300
Email:        gilchrist@kilpatricktownsend.com
              rbricker@kilpatricktownsend.com
              amartinez@kilpatricktownsend.com

Attorneys for Plaintiff
PATAGONIA, INC.

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| PATAGONIA, INC.,<br><br>   Plaintiff,<br><br>  v.<br><br>ASPEN LICENSING INTERNATIONAL, INC.,<br><br>   Defendant. | Case No. 2:18-cv-01599<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT; DECLARATORY JUDGMENT THAT PATAGONIA HAS MADE NO FALSE DESIGNATION OF ORIGIN MISREPRESENTATION OR FALSE ADVERTISEMENT; DECLARATORY JUDGMENT OF NO UNFAIR COMPETITION; AND FOR CANCELLATION OF REGISTRATION OR RECTIFICATION OF REGISTER**<br><br>**<u>JURY TRIAL DEMAND</u>** |

This is an action for declaratory relief under 28 U.S.C. § 2201 arising from ALI Aspen Licensing International, Inc.'s ("ALI") allegations of trademark infringement against, and demands for payment from, Patagonia, Inc. ("Patagonia") in connection with Patagonia's use of the product names "Aspen Grove" and "Aspen Forest."  Patagonia seeks a declaration that these ASPEN-formative product names do not infringe ALI's alleged ASPEN trademarks.  Patagonia is informed and believes that ALI does not sell products under an ASPEN brand name but, to the



COMPLAINT – Case No. 2:18-cv-01599

- 1 -

contrary, simply uses its apparent trademark registration to indiscriminately exert leverage and extract payment from third parties who adopt ASPEN-formative product names.  Patagonia asks the Court to  declare that Patagonia's use of ASPEN-formative product names does not constitute unfair competition, is not likely to cause confusion, mistake, or deception among consumers, and does not infringe ALI's common law or registered trademarks.

### PARTIES, JURISDICTION, AND VENUE

1.      Patagonia is a California corporation headquartered at 259 West Santa Clara Street, Ventura, California 93001.  For more than forty years, Patagonia has been designing, developing, and marketing outdoor apparel and related products. Today, Patagonia and the PATAGONIA® brand are famous around the world for innovative apparel designs, quality products, and environmental and corporate responsibility.

2.      Patagonia is informed and believes that ALI is a trademark licensing entity located at 6615 West Boynton Beach Boulevard, #349, Boynton Beach, Florida 33437.  It displays an Aspen logo on its website at www.aspenbrand.com but there is no indication that the brand or logo is actually in use.

3.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 2201 and 2202 and 28 U.S.C. §§ 1331 and 1338, because the action arises, in part, under 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a).

4.      Venue is proper in this judicial district under 28 U.S.C. 1391(b)(2) because a substantial part of the events and occurrences giving rise to Patagonia's claims occurred in this district.  Venue is also proper in this district under 28 U.S.C. § 1391(b)(1), (c) and (d).

5.      This Court has personal jurisdiction over ALI because ALI has purposefully targeted Patagonia, who resides in this district, with its challenged conduct, along with—Patagonia is informed and believes—other producers and sellers of apparel who reside and conduct business in this judicial district and



COMPLAINT – Case No. 2:18-cv-01599

- 2 -

throughout the State of California.  Patagonia is informed and believes that ALI has extracted naked licenses or payments from third parties who reside or conduct business in this judicial district.

6.     Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(a) because Plaintiff resides in the District, the challenged conduct that is the subject of the requested declaratory relief allegedly originated in this district, and a substantial part of the events giving rise to the claims asserted arose in this district.

<strong><u>FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS</u></strong>

**<u>The History of Patagonia</u>**

7.     Yvon Chouinard started Patagonia in the late 1960s to design and sell climbing clothes and other active sportswear.  He adopted "PATAGONIA" to differentiate the business from another family business that designed and manufactured climbing gear and tools.  PATAGONIA was chosen as the trademark to call to mind romantic visions of glaciers tumbling into fjords, jagged windswept peaks, gauchos, and condors.  Since at least 1973, the PATAGONIA brand has appeared on a multicolored label inspired by a silhouette of the jagged peaks of the Mt. Fitz Roy skyline framed by a stormy sky.

8.     In the more than forty years since Patagonia's business started, PATAGONIA has become one of the most identifiable brands in the world.  Its products sold under the PATAGONIA brand now include a range of active sportswear, including products designed for fly fishing, trail running, climbing, skiing and snowboarding, and surfing, which are sold around the world.  It also sells PATAGONIA gear and backpacks.

9.     Over the years, Patagonia has earned accolades for every aspect of its business.  Its products have won numerous awards for their technical merit, including multiple "Gear of the Year" awards from Outside Magazine; multiple "Skier's Choice Awards" from Powder Magazine; the National Geographic Adventure Blog "Gear of the Year" award in 2010, 2013, 2014, and 2016;



COMPLAINT – Case No. 2:18-cv-01599                                             - 3 -

"Editor's Choice" and "Top Pick" awards from OutdoorGearLab; Men's Journal's "Gear of the Year" award; and, most recently, the Gear Institute's "Best New Gear" award in Winter 2017.

10.    Patagonia also has won numerous awards and certifications for its business initiatives, including receiving the Sustainable Business Council's first "Lifetime Achievement Award."  In 1996, with an increased awareness of the dangers of pesticide use and synthetic fertilizers used in conventional cotton growing, Patagonia began exclusively using organically grown cotton and has continued that use for nearly twenty years.  It was a founding member of the Fair Labor Association, which is an independent multi-stakeholder verification and training organization that audits apparel factories.  Additionally, since 1985 Patagonia has pledged 1% of sales to environmental groups to preserve and restore our natural environment, donating $89 million to date.  In 2002, Patagonia's founder, Yvon Chouinard, along with others, created a non-profit called 1% For the Planet to encourage other businesses to do the same.  Today, more than 1,200 member companies have donated more than $150 million to more than 3,300 nonprofits through 1% For the Planet.  In 2012, Patagonia became one of California's first registered Benefit Corporations, ensuring Patagonia could codify into its corporate charter consideration of its workers, community, and the environment.

11.    For many years prior to the events giving rise to this Complaint and continuing to the present, Plaintiff annually has spent enormous amounts of time, money, and effort advertising and promoting the products on which the PATAGONIA trademarks are used.  PATAGONIA brand products are advertised in print and on the Internet.  In addition to advertising by Plaintiff, the PATAGONIA trademarks are also advertised and promoted and presented at point of sale by numerous retailers.  Consumers, accordingly, are exposed to the PATAGONIA trademarks in a variety of shopping and post-sale contexts.

/ / /



12.     Plaintiff has sold its PATAGONIA brand products all over the world, including throughout the United States and in California.  Through their promotion and investment in the PATAGONIA brand—combined with extensive sales, publicity, awards, and leadership in sustainable sourcing practices—Plaintiff has acquired enormous goodwill in its marks.  The PATAGONIA trademarks enjoy strong consumer recognition, and are recognized around the world and throughout the United States by consumers as signifying high quality products made by a responsible company.

13.     PATAGONIA owns trademark registrations for its PATAGONIA and related Mt. Fitz Roy logo which serve to distinguish and differentiate Patagonia's products from any others, including the products that Patagonia called by the product names—Aspen Grove and Aspen Forest—at issue here.

**ALI's Attack on Patagonia's Use of Aspen-Formative Style Names**

14.     Beginning in November 2017 and repeatedly thereafter for the past months, ALI has demanded that Patagonia cease use of the "Aspen Grove" and "Aspen Forest" product names and pay damages for its past use.  It has touted its trademark registrations around the world for the term ASPEN for a variety of apparel goods on which ALI supposedly uses the mark.  It has supplied no evidence, however, that its marks are in authorized use, even under naked license, and no use is discernible from reasonable online research.  It has supplied no evidence that the range of goods covered by its registrations are all in use, despite its declarations to that effect to the USPTO.  ALI also has failed to explain, while attacking Patagonia's use of "Aspen" in combination with other terms like "forest" and "grove," how Patagonia's use can possibly be confusing in light of the fact that there are over 300 ASPEN and ASPEN-formative trademarks on the U.S. trademark register, including several dozen—owned by third parties—in class 25 for apparel products.  Given this proliferation of registered ASPEN marks, in addition to ostensibly endless unregistered use of "Aspen" as a term used in style names for



other branded apparel products, the mark is—both in its inherent lack of conceptual strength and in use—very weak and has become incapable of independently signaling any source to consumers, at least in any form other than in ALI's stylized marks and logos (to the extent those are actually in use). Patagonia has brought this action to remove the cloud over its use of Aspen-formative product names and to clarify the nature of ALI's rights and the validity and/or scope of its trademark registrations. ALI's accusations, demands for monetary payment, and past actions have created an actual, substantial, and justiciable case or controversy between ALI and Patagonia with respect to Patagonia's use of its Aspen-formative product names and the validity and enforceability of ALI's alleged ASPEN mark.

15. Patagonia is not aware of any actual confusion between its products bearing an Aspen-formative product name and ALI or its products. Patagonia is informed and believes, based on ALI's failure to make any such claim, that no actual confusion has occurred or been reported to ALI.

16. Patagonia is informed and believes that ALI products or genuinely licensed ALI products, if they are distributed at all, are sold and promoted in different channels than those in which Patagonia distributes and promotes its own products.

17. Patagonia is informed and believes that ALI products or genuinely licensed ALI products, if they are available for sale at all, are sold with branding and trade dress that are markedly different and dissimilar from Patagonia's products which do not use any logo motifs that are remotely similar to ALI's stylized trademark registrations and, most prominently, all feature the famous PATAGONIA mark, as well as other well-known or famous marks that belong exclusively to Patagonia and of which ALI has no authority to make use.

/ / /

/ / /

/ / /



COMPLAINT – Case No. 2:18-cv-01599                                                          - 6 -

## FIRST CLAIM FOR RELIEF

## (Declaration of Non-Infringement,

## 15 U.S.C. § 1114 and All Relevant State Laws)

18.     Patagonia incorporates paragraphs 1 through 17 as if they were fully set forth here.

19.     There is and would be no likelihood of confusion, mistake, or deception among consumers as to whether Patagonia and/or its products are associated with, sponsored by, connected to, or affiliated with ALI or any products licensed by ALI as a result of Patagonia's use of the term "Aspen" in product names.

20.     The absence of such likely confusion is confirmed by the pronounced differences in overall commercial impression between ALI's ASPEN mark and Patagonia's ASPEN-formative product names (always used with Patagonia's famous marks); the extensive use by third parties of "Aspen" or Aspen-formative terms as common law marks, registered marks, and product names, and the impact of that use on the strength of ALI's ASPEN mark; the apparent absence of any overlap in sales channels; the absence of any evidence of confusion; and the absence of evidence that any factor suggesting likely confusion is present.

21.     In the absence of likely confusion, Patagonia's use of its Aspen-formative style names does not infringe upon the alleged trademark rights held by ALI in its ASPEN marks, if any.  Patagonia, therefore, is entitled to its requested declaratory judgment from the Court that Patagonia's use of its Aspen-formative style names does not infringe the trademark rights, if any, owned by ALI under 15 U.S.C. § 1114 or any state law.

/ / /

/ / /

/ / /

/ / /

/ / /



## SECOND CLAIM FOR RELIEF

**(Declaration That Patagonia Has Made No False Designation**

**of Origin Misrepresentation or False Advertisement Under**

**15 U.S.C. § 1125(a) or Counterpart Common or State Laws)**

22.    Patagonia incorporates paragraphs 1 through 21 as if they were fully set forth here.

23.    There is no likelihood of confusion, mistake, or deception among consumers as to whether Patagonia and/or its apparel products are associated with, sponsored by, connected to, or affiliated with ALI or any apparel products licensed by ALI as a result of Patagonia's use of the term "Aspen" in style names or marks for its products.

24.    The absence of such likely confusion is confirmed by the pronounced differences in overall commercial impression between ALI's ASPEN mark and Patagonia's ASPEN-formative product names (always used with Patagonia's famous marks); the extensive use by third parties of "Aspen" or Aspen-formative terms as common law marks, registered marks, and style names, and the impact of that use on the strength of ALI's ASPEN mark; the apparent absence of any overlap in sales channels; the absence of any evidence of confusion; and the absence of evidence that any factor suggesting likely confusion is present.

25.    In the absence of likely confusion, Patagonia's use of its Aspen-formative product names does not constitute any false designation of origin, misrepresentation, or false advertising related to Patagonia's products.  Patagonia, therefore, is entitled to its requested declaratory judgment from the Court that Patagonia's use of its Aspen-formative style names does not violate any rights, if any, owned by ALI under 15 U.S.C. § 1125 or counterpart common or state laws.

/ / /

/ / /

/ / /



## THIRD CLAIM FOR RELIEF

### (Declaration of No Unfair Competition)

26.     Patagonia incorporates paragraphs 1 through 25 as if they were fully set forth here.

27.     There is no likelihood of confusion, mistake, or deception among consumers as to whether Patagonia and/or its apparel products are associated with, sponsored by, connected to, or affiliated with ALI or any apparel products licensed by ALI as a result of Patagonia's use of the term "Aspen" in product names.

28.     The absence of such likely confusion is confirmed by the pronounced differences in overall commercial impression between ALI's ASPEN mark and Patagonia's ASPEN-formative product names (always used with Patagonia's famous marks); the extensive use by third parties of "Aspen" or Aspen-formative terms as common law marks, registered marks, and style names, and the impact of that use on the strength of ALI's ASPEN mark; the apparent absence of any overlap in sales channels; the absence of any evidence of confusion; and the absence of evidence that any factor suggesting likely confusion is present.

29.     In the absence of likely confusion, Patagonia's use of its Aspen-formative product names does not constitute unfair competition under any federal, common, or state laws.  Patagonia, therefore, is entitled to its requested declaratory judgment from the Court that Patagonia's use of its Aspen-formative style names does not unfairly compete with ALI.

## FOURTH CLAIM FOR RELIEF

### (Cancellation or Rectification of Register, 15 U.S.C. §1119)

30.     Patagonia incorporates paragraphs 1 through 29 as if they were fully set forth here.

31.     Patagonia is informed and believes that ALI has not made genuine use of its various trademark registrations, both stylized or in word marks, for ASPEN, and has abandoned or never was entitled to such registrations, at least for all goods



claimed. Patagonia bases this belief on its search for ASPEN branded apparel originating with ALI and its inability to identify any. Using the logos in its registration, on its website, and in its sworn statements of use, Patagonia has conducted image searches online and can only find one product for sale that matches ALI's claimed logos (shown in Serial No. 85/823,356). It is a single item offered for resale on eBay. When the image is enlarged, the RN number (disclosing the manufacturer of the product) is visible on the eBay item and traces to "BJ's Wholesale." Based on further searches, BJ's Wholesale no longer offers any ASPEN related products, nor is there any evidence of a connection to ALI.

32. To the extent that use of the mark as claimed in each registration has been abandoned, was the subject of misrepresentations to the PTO, or was not used on all of the goods recited in the specification, Patagonia requests that the Court order the registrations to be cancelled in whole or in part or ordered to be rectified to reflect only such rights as ALI truly owns.

### PRAYER FOR JUDGMENT

WHEREFORE, Plaintiff prays that this Court grant it the following relief:

1. Declare that Patagonia has not infringed any trademarks owned by ALI by using ASPEN-formative marks or style names;

2. Declare that Patagonia has not falsely designated the origin, made misrepresentations, falsely advertised, or unfairly competed with ALI regarding its products with Aspen-formative product names in violation of federal, common, or state laws;

3. Adjudge that ALI's trademarks should be cancelled, in whole or in part, and the federal trademark register rectified to reflect only rights owned by ALI;

4. Adjudge that Patagonia be awarded its costs and disbursements incurred in connection with this action, including reasonable attorneys' fees and investigative expenses; and

/ / /



COMPLAINT – Case No. 2:18-cv-01599                                        - 10 -

5.     Adjudge that all such other relief be awarded to Patagonia as this Court deems just and proper.

DATED:  February 27, 2018          Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP


By:   */s/ Gregory S. Gilchrist*
          GREGORY S. GILCHRIST
          RYAN BRICKER
          ALEXANDRA MARTINEZ

Attorneys for Plaintiff
PATAGONIA, INC.



COMPLAINT – Case No. 2:18-cv-01599                                                         - 11 -

## <u>DEMAND FOR JURY TRIAL</u>

Patagonia, Inc. demands that this action be tried to a jury.

DATED:  February 27, 2018        Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP


By:   */s/ Gregory S. Gilchrist*
     GREGORY S. GILCHRIST
     RYAN BRICKER
     ALEXANDRA MARTINEZ

Attorneys for Plaintiff
PATAGONIA, INC.

70575822V.1



COMPLAINT – Case No. 2:18-cv-01599